**Harmail Singh PAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72001.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ali Saidi, Law Office of Robert B. Jobe, San Francisco, CA, Regional Counsel, Laguna Niguel, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM [**]

Harmail Singh Pal, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA conducted an independent review of the record, we review the BIA's decision under the substantial evidence standard and must uphold it unless the evidence compels a reasonable factfin-

der to reach a contrary result. *See Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000). We deny the petition.

The BIA found that Pal's testimony lacked credibility and denied his claim on that basis. To support an adverse credibility determination, "the BIA must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief. The discrepancies must go to the heart of the asylum claim." *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's adverse credibility determination. Pal testified that his father, who was a member of the Shiromani Akali Dal Mann ("SADM"), disappeared after being arrested by the Punjabi police in June 1995. This contention is inconsistent with an April 1999 letter from an SADM official, which states that Pal's father "is an active member" of the organization. Pal further testified that he asked the SADM to assist in locating his father and that the group indeed attempted to do so. The letter from the SADM official, however, makes no reference to the disappearance of Pal's father or to the organization's efforts to locate him. *See Pal*, 204 F.3d at 938 (petitioner lacked credibility where there were "several contradictions between the documentary evidence she submitted and her testimony"). The BIA also cited to, and adopted, other inconsistencies identified by the IJ. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) ("Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's."). These include the fact that Pal initially testified that no one inquired about his father's disappear-

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ance but then testified that, to the contrary, his mother and the village panchayat had gone to the police station to ask about his father. These discrepancies go to the heart of Pal's claim that he was persecuted on the basis of his father's political activities.

Pursuant to *Desta v. Ashcroft,* Pal's motion for stay of removal included a timely request for stay of voluntary departure. 365 F.3d 741 (9th Cir.2004). Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**